EAST HADDAM CENTRAL BAPTIST CHURCH *vs.* EAST HADDAM BAPTIST ECCLESIASTICAL SOCIETY.

A church association brought a bill in equity against certain parties who claimed to have acquired title to the church property, to restrain them from interfering with the petitioners' use of it and to set aside the deed under which they claimed.  The petitioners alleged that they were a corporation and owned the real estate in question.  It was found that they were not a corporation, but a mere voluntary association, and that the title to the property had never been in them but in certain trustees for the church.  Held that the petitioners could not maintain their bill.

A voluntary association can not as such hold real estate.

Individual members of the church could be protected in their equitable rights upon a proper bill, making the trustees, and all other persons having a legal or equitable interest, parties.

BILL IN EQUITY for an injunction and to set aside a deed of certain church property; brought to the Superior Court in Middlesex County, and reserved, upon facts found, for the advice of this court.  The case is sufficiently stated in the opinion.

*D. Chadwick* and *W. F. Wilcox*, for the petitioners.

*H. Willey*, with whom was *L. Harrison*, for the respondents.

CARPENTER, J.   The petitioners allege that they are a cor-

poration, and, as such, the owners of a church edifice and a parsonage; that a pretended meeting of the church which constitutes the corporation was secretly and fraudulently held, at which it was voted to convey the property to the respondents, and that it was so conveyed; that the meeting was held without any legal notice or warning; that the respondents are using the property and have hired and put into the church and parsonage the Rev. Mr. Beebe, a person who is not a regular Baptist clergyman; and that the petitioners have lost the use of the property, and that the deed is a cloud upon their title.

They pray that the respondents and the said Beebe may be restrained from using the property, and from interfering with the petitioners in their use of it, and that the deed may be decreed to be null and void.

It is obvious from this statement of the case that the allegation of title is essential to the cause of action. If the petitioners have no title they have no standing in court. It will be observed that they do not come into court as individuals having an equitable interest in the property, seeking the aid of a court of chancery to enforce a trust and carry out the intention of the donors, but they come claiming to be the absolute owners, not only of an equitable interest, but of the legal title.

The report of the committee shows that the petitioners are not a corporation but a voluntary association. As such they are not the legal owners of the property in question, and by the laws of this state cannot own real estate. On this ground alone it is difficult to see upon what principle the petitioners can claim the relief prayed for.

But this is not all. The land on which the church edifice stands was deeded in 1844 by George Higgins to Elijah Spencer. In 1849 Spencer conveyed it to Stanton S. Card and others, trustees of the First Baptist Society in East Haddam —presumptively a corporation. In 1854 the society deeded it to said Card and others, trustees for the church, "for the sole use of the First Baptist Church, to be held by said trustees subject to the control and direction of the church, as

shall appear by their vote at any meeting of said church, called or assembled in the ordinary manner of holding their church meetings."

We do not find that the title ever passed from these trustees. It appears that they, in behalf of the church, took possession of the property and continued to hold possession for about twenty years. The legal title therefore appears to be in the trustees to whom it was conveyed in 1854, and, as at present advised, we are unable to see how the deed referred to in the petition, which was dated April 20th, 1875, purporting to be executed by "the Central East Haddam Baptist Church," can have any effect upon the title.

The other piece of property, the parsonage, was conveyed in 1869 by John Comstock to Henry J. Holmes and others, trustees for said church, "to be used as a parsonage forever." So far as the record discloses the title is in these trustees at the present time.

It is quite clear therefore that the petitioners are not the legal owners of the property in dispute; but so far as we know the property is owned by trustees who are not parties to this proceeding.

It is possible that the trustees have allowed the property to be used for other purposes than those for which it was originally intended; but before the court can properly take any action in respect to that matter, all persons interested in it, legal as well as equitable, should be made parties to the proceeding and have an opportunity to be heard.

For these reasons we advise the Superior Court to dismiss the bill.

In this opinion the other judges concurred.